UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ERROL DILLON                                                              CIVIL ACTION

VERSUS                                                                     NO. 23-3442

WARDEN ALLEN KUPP                                              SECTION: "H"(1)

### REPORT AND RECOMMENDATION

Petitioner, Errol Dillon, a Louisiana state prisoner, filed this federal application seeking habeas corpus relief.[1] The matter was referred to the undersigned United States Magistrate Judge for the submission of a Report and Recommendation.[2] For the following reasons, it is recommended that the application be **DISMISSED WITHOUT PREJUDICE**.

On March 15, 2022, petitioner pleaded guilty to two offenses: (1) possession of a firearm by a convicted felon and (2) possession with intent to distribute a controlled dangerous substance (marijuana weighing less than 2.5 pounds).[3] On March 31, 2022, he was sentenced on each conviction to a concurrent term of ten years imprisonment. However, on that same date, he also pleaded guilty to being a second offender with respect to the firearm offense, and he was then resentenced on that conviction to a concurrent term of ten years imprisonment without benefit of parole, probation, or suspension of sentence.[4] He did not appeal.

---

[1] Rec. Doc. 5.
[2] Rec. Doc. 8.
[3] Rec. Doc. 13-1, pp. 59-62.
[4] Id. at pp. 67-74.

In July of 2022, petitioner filed a Uniform Motion to Correct an Illegal Sentence and a Uniform Application for Postconviction Relief with the state district court.[5] The district court denied relief on August 8, 2022,[6] and he did not seek writs from the state's higher courts.

In March of 2023, petitioner filed another Uniform Motion to Correct an Illegal Sentence and another Uniform Application for Postconviction Relief with the state district court.[7] The district court again denied relief on May 10, 2023,[8] and, once again, no writs were sought.

In August of 2023, petitioner then filed this federal application seeking habeas corpus relief, in which he stated his claims as follows: "I've been wrongful convicted on charges that's non-voilant and been charged with one charge 2 times."[9] The state filed a response in opposition, arguing that the application should be dismissed because petitioner's claims are unexhausted.[10] Petitioner was afforded an opportunity to file a reply,[11] but no reply was filed.

As a preliminary matter, the Court notes that petitioner's request for habeas corpus relief was submitted on a form to be used by inmates seeking relief under 28 U.S.C. § 2241. But a state inmate may properly invoke § 2241 in only two situations. First, a state pretrial detainee may file a § 2241 petition. See, e.g., Stringer v. Williams, 161 F.3d 259, 262 (5th Cir. 1998) ("Pretrial petitions are properly brought under § 2241, which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him." (quotation marks omitted)); McKinley v. Cooper, No. 11-CV-297, 2011 WL

---

[5] Id. at pp. 90-98.
[6] Id. at p. 118.
[7] Id. at pp. 125-37.
[8] Id. at p. 138.
[9] Rec. Doc. 5-1, p. 6.
[10] Rec. Doc. 14.
[11] See Rec. Doc. 9, p. 2.

2181491, at *1 (W.D. La. May 10, 2011), adopted, 2011 WL 2181488 (W.D. La. June 2, 2011). Second, a convicted state prisoner may file a § 2241 petition to challenge the manner in which his sentence is being executed. See, e.g., Stewart v. Cain, No. 95-30865, 1995 WL 727244, at *1 (5th Cir. Nov. 21, 1995) ("Stewart is attacking the manner in which his sentence is being executed; thus, his petition for writ of habeas corpus is more properly construed as seeking relief pursuant to § 2241."); McKinley, 2011 WL 2181491, at *1. However, petitioner is not a pretrial detainee and, although he is a convicted inmate, he is not challenging the manner in which his sentence is being executed. Therefore, § 2241 is simply inapplicable here.

Rather, because petitioner is challenging the validity of his underlying convictions, his petition, regardless of the label he placed on it, is properly construed as one filed under 28 U.S.C. § 2254. See, e.g., Basey v. Trump, 803 F. App'x 806, 807 (5th Cir. 2020); Stewart v. Vannoy, Civ. Action No. 16-8711, 2016 WL 7157082, at *2 (E.D. La. Oct. 13, 2016), adopted, 2016 WL 7116104 (E.D. La. Dec. 7, 2016). However, even when petitioner's application is considered under that statute, relief is unavailable because, as the state correctly argues, he has not yet exhausted his remedies in the state courts.

Exhaustion is statutorily required under § 2254. See 28 U.S.C. § 2254(b)(1); Whitehead v. Johnson, 157 F.3d 384, 387 (5th Cir. 1998) ("A fundamental prerequisite to federal habeas relief under § 2254 is the exhaustion of all claims in state court prior to requesting federal collateral relief.").[12] Regarding that exhaustion requirement, the United States Supreme Court has held:

---

[12] Out of an abundance of caution, the Court notes that exhaustion is also required for petitioners seeking relief under § 2241. As the United States Fifth Circuit Court of Appeals has explained:

> In discussing exhaustion in the habeas corpus context, we must distinguish between pre-trial and post-trial situations. It is only in the post-trial setting that exhaustion is mandated by statute. Compare 28 U.S.C. § 2254(b) with 28 U.S.C. § 2241(c)(3). Section 2241(c)(3), which empowers

> The exhaustion doctrine is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings. Under our federal system, the federal and state courts are equally bound to guard and protect rights secured by the Constitution. Because it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation, federal courts apply the doctrine of comity, which teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter.

Rose v. Lundy, 455 U.S. 509, 518 (1982) (footnote, citations, quotation marks, and brackets omitted).

Therefore, "[t]o exhaust, a petitioner must have fairly presented the substance of his claim to the state courts." Wilder v. Cockrell, 274 F.3d 255, 259 (5th Cir. 2001) (quotation marks omitted). Moreover:

> [A] claim is not exhausted unless the habeas petitioner provides **the highest state court** with a fair opportunity to pass upon the claim, which in turn requires that the applicant present his claims before the state courts in a procedurally proper manner according to the rules of the state courts.

Mercadel v. Cain, 179 F.3d 271, 275 (5th Cir. 1999) (emphasis added; quotation marks omitted). In Louisiana, "the highest state court" is the Supreme Court of Louisiana. See La. Const. art. V, § 5(A).

---

district courts to issue the writ before a judgment is rendered in a criminal proceeding, makes no reference to exhaustion. Despite the absence of an exhaustion requirement in the statutory language of section 2241(c)(3), a body of case law has developed holding that although section 2241 establishes jurisdiction in the federal courts to consider pre-trial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner.

Dickerson v. Louisiana, 816 F.2d 220, 225 (5th Cir. 1987). Therefore, even if this application were considered under § 2241, the result would be the same.

Petitioner has filed no applications whatsoever with the Louisiana Supreme Court concerning the convictions challenged herein. Therefore, it is beyond cavil that the Supreme Court of Louisiana has not been afforded a "fair opportunity" to pass upon his claims. As a result, he has failed to meet the exhaustion requirement, and so his federal application should be dismissed.

## RECOMMENDATION

It is therefore **RECOMMENDED** that the federal application seeking habeas corpus relief filed by Errol Dillon be **DISMISSED WITHOUT PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this   14th   day of        November       , 2023.

_____
**JANIS VAN MEERVELD**
**UNITED STATES MAGISTRATE JUDGE**